# MARLENE E. LANDGREN

v.

# AETNA LIFE & CASUALTY COMPANY

Argued: Nov. 26, 1973   Decided: Jan. 3, 1974

Case tried to *Allen, J.,* in the Central District
Court of Worcester.   No. 114.

*Present:* Dudley, P.J., Sloan, Cimini, JJ.

. **Sloan, J.**   This is an action of contract
to recover damages for a collision loss allegedly
covered under a policy of insurance issued to
the plaintiff by the defendant.

The answer of the defendant is a general denial and plaintiff's failure to comply with the conditions of the policy.

The court found for the plaintiff in the sum of $670.42.

The case was submitted on the following statement of agreed facts.

"The defendant issued to the plaintiff a standard automobile policy which was effective from *April 29, 1968 to April 29, 1969.* As a part of said policy, the defendant provided the plaintiff with Coverage F with a $50.00 deductible."

The plaintiff was involved in an automobile accident on *January 8, 1969.* Thereafter on *January 20, 1969,* the plaintiff filed with the defendant an automobile accident or loss notice form. The total amount of damage to the plaintiff vehicle amounted to $720.42.

The plaintiff never filed a proof of loss with the company within sixty days after the occurrence of the loss. The insurer never investigated the claim.

The only other correspondence relative to this claim which the insurer received was a letter dated April 9, 1971, from the plaintiff's attorney.

The insurer has refused to pay the claim, for non-compliance with the terms and conditions of the policy.

The only issue that we need to concern ourselves with is whether the plaintiff is precluded from recovery because of prejudicing the defendant's rights of subrogation.

By not making a claim within two years of the loss, the plaintiff did prejudice the rights of the defendant to bring a subrogated property damage claim against the third party. This is a substantive right which the defendant had and the plaintiff is thereby precluded from recovering.

Reversible error found. Finding made for the defendant and case ordered dismissed.

RICHARD D. SILVER

for the plaintiff

MAHER

for the defendant